UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

TANYA KELLEY, )
)  06- 06-2122
Plaintiff, )
)  Jury Trial Demand
vs. )
)
FIRST FINANCIAL ASSET MANAGEMENT, INC., )
a Delaware corporation, )
)  **FILED**
Defendant. )
)  JUN 2 1 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. This action seeks redress for the illegal practices of defendant in connection with the collection of debts. This Complaint alleges that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") entitling plaintiff to relief.

**JURISDICTION**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (general federal question jurisdiction) and 15 U.S.C. § 1692k (Fair Debt Collection Practices Act).

**PARTIES**

3. Plaintiff, Tanya Kelly, is an individual who resides in Coles County, Illinois.

4. Plaintiff is a "consumer" as defined by Section 803(3) of the Fair Debt Collection Practices Act, 15 U.S.C. s. 1692(a)(3).

5. Defendant, First Financial Asset Management, Inc is a corporation organized under the laws of the State of Delaware with a principal place of business located

at 230 Peachtree Street, 17th Floor, Atlanta, Georgia.

6.  Defendant is a "debt collector" as defined in Section 803(6) of the Fair Debt Collection Practices Act, 15 U.S.C. s. 1692a(6).

7.  At all times relevant to this matter, Defendant was collecting a consumer debt as defined by Section 803(5) of the Fair Debt Collection Practices Act, 15 U.S.C. s. 1692a(5).

## FDCPA

8.  On or about March 21, 2006, an employee of Defendant named "Adrian Johnson" contacted Dan Marshall, in Virginia, in order to collect a debt allegedly owed by Plaintiff.

9.  Defendant informed Dan Marshall that he is looking for Plaintiff. He needed to have her call immediately at 404-523-0411 or 866-370-1759 x. 1318. Defendant instructed Dan Marshall to have the Plaintiff ask for "Agent Johnson."

10. Adrian Johnson is not a sworn law enforcement officer.

11. Dan Marshall understood the call to be a debt collection call for the Plaintiff.

12. Dan Marshall contacted Ben Marshall in Carlyle, Illinois, and conveyed the message.

13. On March 21, 2006, Ben Marshall contacted Plaintiff and conveyed the message.

14. On March 21, 2006, an employee of the Defendant named "Adrian Johnson" contacted one of Plaintiff's neighbors, Stan Metzger, in an attempt to collect the debt allegedly owed by Plaintiff.

15. Defendant left a voicemail message that stated his name was Jerome and he was

2

calling from First Financial. He stated that he was calling about a very important financial matter involving Stan Metzger's neighbor. He stated that it was urgent that Plaintiff call him at 866-370-1759 x. 1318.

16. Stan Metzger understood the call to be a debt collection call for the Plaintiff.

17. Stan Metzger gave the message to Plaintiff.

18. On March 22, 2006, an employee of Defendant named "Adrian Johnson" contacted Plaintiff's mother, Sharon Alexander, in an attempt to collect the debt allegedly owed by the Plaintiff.

19. Defendant advised Sharon Alexander that Plaintiff is in jail in Illinois.

20. Defendant knew that Plaintiff was not in jail when he made that statement.

21. Sharon Alexander contacted the Plaintiff's sister, Kenna Tomko, and conveyed the message that the Plaintiff was incarcerated.

22. On March 22, 2006, an employee of the Defendant named "Adrian Johnson" contacted the Plaintiff at her residence in Coles County, Illinois, in an attempt to collect the debt.

23. Plaintiff's son, Jon Bottoms, answered the telephone.

24. Defendant left a message for Plaintiff to contact him regarding a "personal matter" at 866-370-1759 x. 1312.

25. Bottoms understood the telephone call to be a debt collection call for his mother.

26. On March 22, 2006, Plaintiff returned the phone message given to her son.

27. Defendant informed the Plaintiff that he was collecting a debt.

28. Plaintiff began asking the Defendant questions regarding the type of debt and the

calling from First Financial. He stated that he was calling about a very important financial matter involving Stan Metzger's neighbor. He stated that it was urgent that Plaintiff call him at 866-370-1759 x. 1318.

16. Stan Metzger understood the call to be a debt collection call for the Plaintiff.

17. Stan Metzger gave the message to Plaintiff.

18. On March 22, 2006, an employee of Defendant named "Adrian Johnson" contacted Plaintiff's mother, Sharon Alexander, in an attempt to collect the debt allegedly owed by the Plaintiff.

19. Defendant advised Sharon Alexander that Plaintiff is in jail in Illinois.

20. Defendant knew that Plaintiff was not in jail when he made that statement.

21. Sharon Alexander contacted the Plaintiff's sister, Kenna Tomko, and conveyed the message that the Plaintiff was incarcerated.

22. On March 22, 2006, an employee of the Defendant named "Adrian Johnson" contacted the Plaintiff at her residence in Coles County, Illinois, in an attempt to collect the debt.

23. Plaintiff's son, Jon Bottoms, answered the telephone.

24. Defendant left a message for Plaintiff to contact him regarding a "personal matter" at 866-370-1759 x. 1312.

25. Bottoms understood the telephone call to be a debt collection call for his mother.

26. On March 22, 2006, Plaintiff returned the phone message given to her son.

27. Defendant informed the Plaintiff that he was collecting a debt.

28. Plaintiff began asking the Defendant questions regarding the type of debt and the

name of the creditor.

29. Defendant refused to give Plaintiff the information and hung up on her.

30. Plaintiff called Defendant a second time and spoke with a female employee who only identified herself as "Adrian's supervisor."

31. Plaintiff asked the female employee questions regarding the type of debt and name of the creditor.

32. The second employee refused to give any answers, told the Plaintiff never to call again, and hung up.

33. Defendant First Financial Asset Management, Inc. violated the FDCPA by having an employee communicate with a third party in an attempt to collect a debt in violation of 15 U.S.C. § 1692c(b).

34. Defendant First Financial Asset Management, Inc. violated the FDCPA by having an employee communicate with a third party that the Plaintiff was incarcerated in an attempt to collect a debt in violation of 15 U.S.C. § § 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), and 1692e(10).

35. Defendant First Financial Asset Management, Inc. violated the FDCPA by having an employee communicate with a third party that he is an "agent" when he is not affiliated with any Federal, state, or local law enforcement agency in an attempt to collect a debt in violation of 15 U.S.C. § § 1692d, 1692e, 1692e(1), 1692e(4), 1692e(5), 1692e(10).

36. Defendant First Financial Asset Management, Inc. violated the FDCPA by having an employee misrepresent that the Plaintiff owed a debt in an attempt to collect a

debt in violation of 15 U.S.C. § § 1692d, 1692e, 1692e(2), 1692e(5), and 1692e(10).

37. Defendant First Financial Asset Management, Inc. violated the FDCPA by having an employee communicate with numerous third parties in order to embarrass, humiliate or coerce the Plaintiff into paying a debt she did not owe in an attempt to collect a debt in violation of 15 U.S.C. § § 1692d, 1692e, 1692e(2), 1692e(5), and 1692e(10)

38. As a result of Defendant's conduct, Plaintiff Tanya Kelly suffered actual damages.

WHEREFORE, Plaintiff Tanya Kelly requests that the Court enter judgment in her favor and against Defendant First Financial Asset Management, Inc. for: (a) actual and statutory damages; (b) attorney's fees and costs; and (c) such other and further relief as the Court deems appropriate.

TANYA KELLY, Plaintiff

Dated: June 20, 2006.

s/ Roy Jackson Dent
Roy Jackson Dent Bar Number 6255835
Attorney for Plaintiff
Brankey & Smith, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax:    (217) 345-6232
E-Mail: rdent@brankeysmithpc.com

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TANYA KELLEY

## DEFENDANTS
FIRST FINANCIAL ASSET MANAGEMENT, INC., a Delaware corporation,

(b) County of Residence of First Listed _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Roy Jackson Dent
BRANKEY & SMITH, P.C.
622 Jackson Avenue
Charleston, IL 61920
(217) 345-6222   Fax: (217) 345-6232

Attorneys (If Known)
06-2122

FILED
JUN 21 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury— Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury — Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 892 Economic Stabilization Act |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| | | ☐ 385 Property Damage Product Liability | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | X 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | ☐ 555 Prison Condition | **FEDERAL TAX SUITS** | |
| | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 720 Labor/Mgmt. Relations | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unspecified
CHECK YES only if demanded in complaint:
JURY DEMAND:   x Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE June 20, 2006
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY