## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## DANVILLE/URBANA DIVISION

| | |
|---|---|
| TANYA KELLEY, ) | |
|     Plaintiff, ) | |
| v. ) | Case No.: 06-2122 |
| FIRST FINANCIAL ASSET MANAGEMENT, ) INC., a Delaware corporation, ) | |
|     Defendant. ) | |

### DEFENDANT FIRST FINANCIAL ASSET MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant First Financial Asset Management, Inc. ("First Financial"), by its attorneys, David M. Schultz and Michael P. Smith, and for its Answer to Plaintiff's Complaint, respectfully states as follows:

### PRELIMINARY STATEMENT

1.  This action seeks redress for the illegal practices of defendant in connection with the collection of debts.  This Complaint alleges that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") entitled plaintiff to relief.

**ANSWER:**    Defendant admits that plaintiff purports to state claims and seek relief for alleged illegal practices of defendant in the collection of debts pursuant to the FDCPA. Defendant denies that it has violated the FDCPA or that it has been negligent in any way; and furthermore, denies that plaintiff is entitled to relief of any kind.

### JURISDICTION

2.  This Court has jurisdiction pursuant to 28 U.S.C. §1331 (general federal question jurisdiction) and 15 U.S.C. §1692k (Fair Debt Collection Practices Act).

**ANSWER:**    Defendant admits that this Court has jurisdiction.

## PARTIES

3. Plaintiff, Tanya Kelley, is an individual who resides in Coles County, Illinois.

**ANSWER:** Upon information and belief, defendant admits the allegations contained in Paragraph 3.

4. Plaintiff is a "consumer" as defined by Section 803(3) of the Fair Debt Collection Practices Act, 15 U.S.C. x. 1692(a)(3).

**ANSWER:** Defendant admits the allegations contained in Paragraph 4.

5. Defendant, First Financial Asset Management, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business located at 230 Peachtree Street, 17th Floor, Atlanta, Georgia.

**ANSWER:** Defendant admits the allegations contained in Paragraph 5.

6. Defendant is a "debt collector" as defined in Section 803(6) of the Fair Debt Collection Practices Act, 15 U.S.C. x. 1692(a)(6).

**ANSWER:** Defendant admits that it acts as a debt collector as defined by the FDCPA under certain circumstances.

7. At all times relevant to this matter, Defendant was collecting a consumer debt as defined by Section 803(5) of the Fair Debt Collection Practices Act, 15 U.S.C. s. 1692(a)(5)

**ANSWER:** Defendant admits that it attempted to collect from plaintiff a consumer debt as defined by the FDCPA. Defendant denies the remaining allegations contained in Paragraph 7.

## FDCPA

8.      On or about March 21, 2006, an employee of Defendant named "Adrian Johnson" contacted Dan Marshall, in Virginia, in order to collect a debt allegedly owed by Plaintiff.

**ANSWER:**   Defendant admits that on March 22, 2006 an employee of Defendant named "Adrian Johnson" received a call and spoke with an individual believed to be plaintiff's son and asked that plaintiff return the phone call.  Defendant denies the remaining allegations contained in Paragraph 8.

9.      Defendant informed Dan Marshall that he is looking for Plaintiff.  He needed to have her call immediately at 404-523-0411 or 866-370-1759 x. 1318.  Defendant instructed Dan Marshall to have the Plaintiff ask for "Agent Johnson."

**ANSWER:**   Defendant admits that on March 22, 2006 an employee of Defendant named "Adrian Johnson" received a call and spoke with an individual believed to be plaintiff's son and asked that plaintiff return the phone call.  Defendant denies the remaining allegations contained in Paragraph 9.

10.     Adrian Johnson is not a sworn law enforcement officer.

**ANSWER:**   Defendant admits the allegations contained in Paragraph 10.

11.     Dan Marshall understood the call to be a debt collection call for the Plaintiff.

**ANSWER:**   Defendant is without information or knowledge sufficient to form a belief as to Dan Marshall's understanding.  Defendant denies the remaining allegations contained in Paragraph 11.

12.     Dan Marshall contacted Ben Marshall in Carlyle, Illinois, and conveyed the message.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 12.

13. On March 21, 2006, Ben Marshall contacted Plaintiff and conveyed the message.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 13.

14. On March 21, 2006, an employee of the Defendant named "Adrian Johnson" contacted one of Plaintiff's neighbors, Stan Metzger, in an attempt to collect the debt allegedly owed by Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 14.

15. Defendant left a voicemail message that stated his name was Jerome and he was calling from First Financial. He stated that he was calling about a very important financial matter involving Stan Metzger's neighbor. He stated that it was urgent that Plaintiff call him at 866-370-1759 x. 1318.

**ANSWER:** Defendant denies the allegations contained in Paragraph 15.

16. Stan Metzger understood the call to be a debt collection call for the Plaintiff.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to Stan Metzger's understanding. Defendant denies the remaining allegations contained in Paragraph 16.

17. Stan Metzger gave the message to Plaintiff.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 17.

18. On March 22, 2006, an employee of Defendant named "Adrian Johnson" contacted Plaintiff's mother, Sharon Alexander, in an attempt to collect the debt allegedly owed by the Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18.

19. Defendant advised Sharon Alexander the Plaintiff is in jail in Illinois.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19.

20. Defendant knew that Plaintiff was not in jail when he made that statement.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20.

21. Sharon Alexander contacted the Plaintiff's sister, Kenna Tomko, and conveyed the message that the Plaintiff was incarcerated.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 21.

22. On March 22, 2006, an employee of the Defendant named "Adrian Johnson" contacted the Plaintiff at her residence in Coles County, Illinois, in an attempt to collect the debt.

**ANSWER:** Defendant admits that on March 22, 2006 an employee of Defendant named "Adrian Johnson" received a call and spoke with an individual believed to be plaintiff's son and asked that plaintiff return the phone call. Defendant denies the remaining allegations contained in Paragraph 22.

23. Plaintiff's son, Jon Bottoms, answered the telephone

**ANSWER:** Defendant admits that on March 22, 2006 an employee of Defendant named "Adrian Johnson" received a call and spoke with an individual believed to be plaintiff's

son and asked that plaintiff return the phone call.  Upon information and belief, the individual's name is Jon Bottoms.   Defendant denies the remaining allegations contained in Paragraph 22.

24.   Defendant left a message for Plaintiff to contact him regarding a "personal matter" at 866-370-1759 x. 1312.

**ANSWER:**   Defendant admits that on March 22, 2006 an employee of Defendant named "Adrian Johnson" received a call and spoke with an individual believed to be plaintiff's son and asked that plaintiff return the phone call.  Defendant denies the remaining allegations contained in Paragraph 24.

25.   Bottoms understood the telephone call to be a debt collection call for his mother.

**ANSWER:**   Defendant is without information or knowledge sufficient to form a belief as to Mr. Bottoms' understanding.

26.   On March 22, 2006, Plaintiff returned the phone message given to her son.

**ANSWER:**   Defendant admits that on March 22, 2006 an employee of Defendant named "Adrian Johnson" received a call and spoke with an individual believed to be plaintiff's son and asked that plaintiff return the phone call.  Defendant denies the remaining allegations contained in Paragraph 26.

27.   Defendant informed the Plaintiff that he was collecting a debt.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 27.

28.   Plaintiff began asking the Defendant questions regarding the type of debt and the name of the creditor.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 28.

29. Defendant refused to give Plaintiff the information and hung up on her.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 29.

30. Plaintiff called Defendant a second time and spoke with a female employee who only identified herself as "Adrian's supervisor."

**ANSWER:**   Defendant denies the allegations contained in Paragraph 30.

31. Plaintiff asked the female employee questions regarding the type of debt and name of the creditor.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 31.

32. The second employee refused to give any answers, told the Plaintiff never to call again, and hung up.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 32.

33. Defendant First Financial Asset Management, Inc. violated the FDCPA by having an employee communicate with a third party in an attempt to collect a debt in violation of 15 U.S.C. §1692c(b).

**ANSWER:**   Defendant denies the allegations contained in Paragraph 33.

34. Defendant First Financial Management, Inc. violated the FDCPA by having an employee communicate with a third party that the Plaintiff was incarcerated in an attempt to collect a debt in violation of 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), and 1692e(10).

**ANSWER:**   Defendant denies the allegations contained in Paragraph 34.

35.   Defendant First Financial Management, Inc. violated the FDCPA by having an employee communicate with a third party that he is an "agent" when he is not affiliated with any Federal, state, or local law enforcement agency in an attempt to collect a debt in violation of 15 U.S.C. §§1692d, 1692e, 1692e(1), 1692e(4), 1692E(5), 1692E(10).

**ANSWER:**   Defendant denies the allegations contained in Paragraph 35.

36.   Defendant First Financial Management, Inc. violated the FDCPA by having an employee misrepresent that the Plaintiff owed a debt in an attempt to collect a debt in violation of 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5), and 1692e(10).

**ANSWER:**   Defendant denies the allegations contained in Paragraph 36.

37.   Defendant First Financial Management, Inc. violated the FDCPA by having an employee communicate with numerous third parties in order to embarrass, humiliate or coerce the Plaintiff into paying a debt she did not owe in an attempt to collect a debt in violation of 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5) and 1692e(10).

**ANSWER:**   Defendant denies the allegations contained in Paragraph 37.

38.   As a result of Defendant's conduct, Plaintiff Tanya Kelley suffered actual damages.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 38.

## AFFIRMATIVE DEFENSES

1.   For its first affirmative defense, defendant states that plaintiff's complaint fails to state a claim upon which relief may be granted.

6085482v1 868162

2.　　For its second affirmative defense, defendant states that if it violated the FDCPA, which it denies, the violation occurred as a result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

WHEREFORE, Defendant, First Financial Asset Management, Inc., respectfully requests that this Honorable Court deny the relief sought in plaintiff's complaint and grant such other and further relief as the Court deems appropriate and just.

Respectfully submitted,

FIRST FINANCIAL ASSET MANAGEMENT, INC.

By:  s/ Michael P. Smith
　　　One of Its Attorneys

David M. Schultz
Michael P. Smith
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
312-704-3000 (Phone)
312-704-3001 (Fax)
msmith@hinshawlaw.com

6085482v1 868162

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 11, 2006, I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

Respectfully submitted,


By: /s/ Michael P. Smith

David M. Schultz
Michael P. Smith
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

ARDC No. 6281477
msmith@hinshawlaw.com

6085482v1 868162